IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ERIC LAMAR GOSS, | § § § § § | |
| *Plaintiff,* | § § | |
| v. | § § | CIVIL ACTION NO. _____ |
| BUREAU VERITAS NORTH AMERICA, | § § § | |
| *Defendant.* | | |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332 and 1446, Defendant Bureau Veritas North America, Inc. (improperly named Bureau Veritas North America and hereinafter referred to as "Defendant" or "Bureau Veritas")[1] removes the above-styled action from the 125th Judicial District Court of Harris County, Texas, to the United States District Court for the Southern District of Texas, Houston Division.

## I.
## RELEVANT BACKGROUND

1. This case arises from the employment of Plaintiff Eric Lamar Goss, which ended on January 3, 2019. On April 12, 2021, Plaintiff filed an Amended Petition in the 125th Judicial District Court, Harris County, Texas, Cause No. 2021-80281, asserting he was subjected to unspecified discrimination because of his race in violation of Chapter 21 of the Texas Labor Code and terminated in retaliation for allegedly reporting "illegal activity." *See* Exhibit 2, Petition at ¶¶ 8-9.[2] Plaintiff seeks damages in the form of "monetary relief over $1,000,000." *Id*. ¶ 6.[3]

---

[1] Also, Plaintiff worked for Bureau Veritas Holdings, Inc., not Bureau Veritas North America, Inc.
[2] Pursuant to Local Rule 81, an index of all matters filed is attached.
[3] Plaintiff filed his Original Petition on December 12, 2020. *See* Exhibit 1. A Request for Issuance of Service was first requested and filed four months later on April 12, 2021. *See* Exhibits 3-5 and 8.

2. Bureau Veritas was served on July 15, 2021, more than 3 months after the Texas Labor Code's two-year statute of limitation and more than 7 months after he received a Right to Sue notice from the Equal Employment Opportunity Commission.[4] This Notice of Removal is filed within 30 days of Defendant being served and therefore is timely.

## II.
## GROUNDS FOR REMOVAL

**A.      Diversity Jurisdiction.**

3. Federal district courts have original jurisdiction of all civil actions between citizens of different states and where the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a)(1). As explained below, there is complete diversity of citizenship between all parties and the amount in controversy exceeds $75,000.00.

**(1)      There is Complete Diversity of Citizenship Between the Parties.**

4. Plaintiff asserts in his Petition that he resides in Richmond, Texas.[5] Exhibit 2 at ¶ 2. Thus, Plaintiff is a citizen of the State of Texas for purposes of 28 U.S.C. § 1332; *Acridge v. Evangelical Lutheran Good Samaritan Soc.,* 334 F.3d 444, 448 (5th Cir. 2003)(citizenship of individual established by residence in state, and an intention to remain).

5. Bureau Veritas is a Delaware incorporated entity with its principle place of business in Fort Lauderdale, Florida.[6] Consequently, Defendant Bureau Veritas is a citizen of the foregoing states. *See* 28 U.S.C. § 1332(c)(1)(corporation is citizen of State in which it is incorporated and state where it has its principal place of business). Accordingly, the parties are citizens of different states and there is complete diversity of citizenship.

---

[4] The timeliness of Plaintiff's suit and related facts and issues will be fully addressed in a forthcoming Rule 12/56 motion.
[5] Richmond is a city in Fort Bend County, Texas.
[6] The address of the principle place of business is 1601 Sawgrass Corporate Pkwy Ste 400 Fort Lauderdale, FL, 33323-2827.

**(2)     The Amount in Controversy Exceeds $75,000.00.**

6.     Plaintiff seeks damages in the form of "monetary relief over $1,000,000." Exhibit 2 at ¶¶ 6, 8-9. Accordingly, the amount in controversy exceeds $75,000.00.

**B.     The State Court Action Is Properly Removed to the Southern District of Texas, Houston Division.**

7.     28 U.S.C. §1441(a) provides a case may be removed to the "district court of the United States for the district and division embracing the place where such action is pending." Because the state court action originated in Harris County, Texas, the division that embraces the State Court Action is the United States District Court for the Southern District of Texas, Houston Division.  *See* 28 U.S.C. §§1441(a), 28 U.S.C. §§ 1391(b), and 124(b)(2); and https://www.txs.uscourts.gov/offices/houston-division.

8.     As required by 28 U.S.C. § 1446(d), a Notice to State Court of this Notice of Removal will contemporaneously filed with the clerk of the 125th Judicial District Court, Harris County and served on Plaintiff.

### III.
### PRAYER

WHEREFORE, Defendant requests that this Court assume full jurisdiction over this matter as provided by law and for such relief to which Defendant is entitled.

Dated August 9, 2021                                  Respectfully submitted,

                                                      By: /s/ *Charles H. Wilson*
                                                          Charles H. Wilson
                                                          Federal I.D. No. 34581
                                                          Texas State Bar No. 00797678
                                                          LITTLER MENDELSON, P.C.
                                                          1301 McKinney Street, Suite 1900
                                                          Houston, Texas 77010
                                                          Telephone:  713.652.4737
                                                          Facsimile:  713.456.2481
                                                          chawilson@littler.com

                                                          **ATTORNEY FOR DEFENDANT**
                                                          **BUREAU VERITAS NORTH AMERICA**

## CERTIFICATE OF SERVICE

I do hereby certify that on the 9th day of August, 2021, a true and correct copy of the foregoing document was duly served via the Court's e-filing system, Certified Mail, Return Receipt Requested, e-mail and/or facsimile, on counsel of record as follows:

Darian L. Conston
CONSTON AND ASSOCIATES PLLC
2646 S. Loop West, Suite 305
Houston, Texas 77054
Telephone:  832.831.2047
attorneyconston@constonlaw.com

**ATTORNEY FOR PLAINTIFF**
**ERIC LAMAR GOSS**

                                                          /s/ *Charles H. Wilson*
                                                          Charles H. Wilson

4816-3952-6643.5 / 081032-1204